**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ACIE GILKEY, JR., #1219076, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | **3:06-CV-1903-D** |
| | ) | **(Consolidated with** |
| BRAD LIVINGSTON, Executive Director | ) | **3:06-CV-1904-D &)** |
| TDCJ, et al., | ) | **3:06-CV-1905-D)** |
|        Defendants. | ) | **ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a consolidated *pro se* civil rights action brought by a state inmate

pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently incarcerated at the Stiles Unit of the Texas Department of

Criminal Justice in Beaumont, Texas.

Defendants are Executive Director Brad Livingston, Chair of the Texas Board of Pardon

and Paroles Rissie Owens, Division Director for the State Counsel for Offenders Kim Vernon,

the Dallas County District Attorney's Office, Attorney General Gregg Abbott, Governor Rick

Perry, Dallas Police Officers S.C. Vidial Olivarez and Byron Fassett, and Lashaunda King and

Catreas Turner.  The Court did not issue process in this case pending preliminary screening.

Statement of Case:  In 2002, Plaintiff was convicted in Dallas County of the aggravated

sexual assault and the sexual assault of two minors, Lashanda King and Catreas Turner.  *See*

Cause Nos. F00-71241 and F00-71242.  He was sentenced to imprisonment for five and three

years respectively, for which he is presently incarcerated within TDCJ-CID.  *See* TDCJ Offender

Information Detail, http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=04530046.

In January 2006, King and Turner sued Plaintiff under 42 U.S.C. § 1983 for assault, gross

negligence, false imprisonment and intentional infliction of emotional distress.  *See King and*

*Turner v. Gilkey, et al.*, 3:06cv0062-L (N.D. Tex., Dallas Div.) (Complaint at 8-9).  King and

Turner also sued Plaintiff's former employer, the City of Dallas and the Dallas Area Rapid

Transit.  (*Id.* 9-11).  That action is presently pending awaiting trial.

Thereafter, Plaintiff unsuccessfully sought to challenge his state convictions.  *See Gilkey*

*v. Quarterman*, 3:06cv613-P, consolidated with 3:06cv0683-P (N.D. Tex., Dallas Div., Nov. 8,

2006) (accepting findings, conclusions and recommendation of the magistrate judge and

dismissing federal habeas petition as barred by the one-year limitation period), *appeal dismissed*

due to lack of timely notice of appeal, No. 06-11140 (5th Cir. Feb. 7, 2007).

In this consolidated action, Plaintiff seeks to bring a "counter claim" against all

individuals who were involved in his arrest, prosecution, conviction, denial of parole, and denial

of DNA testing.  He alleges that Defendants engaged in discrimination and defamation and that

they conspired to violate his constitutional rights in connection with his criminal prosecution.

As to the latter, he asserts they denied him a "fair defense, Brady disclosure obligation, access to

court, fair trial, access to critical evidence, DNA testing, fair due process and equal protection."

(Complaint in No. 3:06-cv-1903-D at 4).  Plaintiff also seeks to raise RICO and civil right

conspiracy claims.  (Complaints in Nos. 3:06-cv-1904 and 3:06-cv-1905 at 3).  He requests

access to biological crime evidence for purpose of DNA testing, compensatory and punitive

damages, and an order releasing him on parole.[1]

Findings and Conclusions:  The Court permitted Plaintiff to proceed *in forma pauperis*.

His consolidated complaints are, thus, subject to screening under 28 U.S.C. § 1915A, which

imposes a screening responsibility on the district court.  Section 1915A provides in pertinent part

that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which *a prisoner* seeks redress from a governmental entity or
> officer or employee of a governmental entity [and] [o]n review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
> upon which relief may be granted; or (2) seeks monetary relief from a defendant
> who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in

law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim

upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).

The Court has liberally construed Plaintiff's consolidated complaints with all possible

deference due *pro se* litigants.  Even under this liberal construction, the consolidated complaints

are subject to dismissal at the screening stage.

Plaintiff alleges defamation of his character as a result of his arrest, prosecution,

---

[1]     The District Court previously ruled that the consolidated actions do not qualify as
counterclaims in No. 3:06cv0062-L.  *See* February 8, 2007 Order, accepting findings,
conclusions and recommendation of the Magistrate Judge.

conviction, denial of parole, and denial of DNA testing.  Such an allegation fails to raise a federal constitutional claim.  Allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under 42 U.S.C. § 1983.  *See Paul v. Davis,* 424 U.S. 693, 711-12, 96 S. Ct. 1155 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir. 1990) (same); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001).

Plaintiff's general claims of discrimination and due process violation fare no better.  To state a claim for racial discrimination under the Equal Protection Clause, the plaintiff "must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."  *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997). Because Plaintiff sets forth mere conclusional allegations of discrimination, he fails to state an equal protection claim.  *See Kane Enters. v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003).  Moreover, Plaintiff has failed to identify a constitutionally protected liberty or property interest, which is necessary to state a claim under the Due Process Clause.  *See Board of Regents v. Roth,* 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705 (1972).

Insofar as Plaintiff seeks to allege false arrest and/or false imprisonment, his claims are foreclosed by the fact that he has been found guilty on the charges which stem from his arrest. *See Scott v. Teter*, 2002 WL 31441227, at *3 (N.D.Tex., Dallas Div., Oct 29, 2002) (No. 3:02cv1068-M) (Findings and Conclusions of the Magistrate Judge, accepted by the District Court).  To prevail on a false arrest claim, the arrestee must show that the officer did not have

probable cause to arrest him.  *Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th

Cir. 2004).  Under Fifth Circuit case law, however, a court appearance brakes the chain of

causation for an allegedly false arrest.  *See Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994)

(holding that if the factual basis for an arrest is placed before an independent intermediary such

as a grand jury, the grand jury's decision in returning an indictment breaks the chain of causation

for an action predicated on false arrest, thereby insulating the arresting officer from a false arrest

suit); *see also Wallace v. Cato*, ___ U.S. ___, 127 S. Ct. 1091, 1095-1100 (2007) (holding that

limitations period for unlawful arrest claim began to run at time arrestee appeared before

examining magistrate and was bound over for trial).

　　Since Plaintiff pled not guilty and was bound over for trial, it is undisputed that his court

appearances broke the chain of causation between the allegedly false arrest and the criminal

charges for which he was subsequently convicted.  Therefore, Plaintiff's false arrest and false

imprisonment claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

　　Plaintiff's racial profiling claim fares no better.  While racial profiling can constitute a

deprivation of a citizen's constitutional right to equal protection of the laws, Plaintiff's

allegations are wholly conclusory.[2]  His complaint fails to assert that Defendants' actions had a

discriminatory effect and that they were motivated by a discriminatory purpose.  *United States v.*

*Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487 (1996) (to establish a claim of racial

---

[2]　　U.S. Const. amend. XIV; *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct.
1769, 1774 (1996) (holding that claims asserting selective enforcement of a law on the basis of
race are properly brought under the Equal Protection Clause, and that the right to equal
protection may be violated even if the actions of the police are acceptable under the Fourth
Amendment)*; United States v. Avery*, 137 F.3d 343, 352 (6th Cir. 1997) ("the Equal Protection
Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the
Fourth Amendment protection against unreasonable searches and seizures.").

profiling, the plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose); *see also Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

Plaintiff also appears to raise a "RICO" claim.  The Racketeer Influenced and Corrupt Organization Act ("RICO") statute imposes civil liability for certain types of prohibited conduct. *See* 18 U.S.C. § 1962(a)-(d).  Common elements are present under all four of these subsections. Reduced to their simplest terms, the elements are:  (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of (4) an enterprise.  *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir. 1988).  A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity. 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239, 109 S. Ct. 2893, 2900 (1989); *In re Burzynski,* 989 F.2d 733, 742 (5th Cir. 1993).

Plaintiff's RICO allegations are wholly conclusory.  They fail to allege a "pattern of racketeering activity" or the presence of a RICO enterprise.  Consequently, this claim is without an arguable basis in law.

Plaintiff's civil conspiracy claim likewise lacks an arguable basis in law.  A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement among the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages.  *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).  In the present case, however, no allegations exist that permit an inference to be drawn that Defendants conspired to deprive Plaintiff of his Constitutional rights at the time of his arrest, prosecution, conviction, denial of

parole, and denial of DNA testing trial.  Plaintiff's complaint does not present facts showing an

agreement between the Defendants named in the complaint.  *See Hale v. Harney*, 786 F.2d 688,

690 (5th Cir. 1986).  Plaintiff does not allege that the Defendants ever met or talked about

Plaintiff, his arrest,  prosecution, conviction, denial of parole, and denial of DNA testing.  There

is a complete absence of any allegation of fact to show that the Defendants had any plan to

hinder Plaintiff.  "'Mere conclusory allegations of conspiracy cannot, absent reference to

material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983."  *Hale*,

786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

In addition to lacking an arguable basis in law or failing to state a claim, Plaintiff's

allegations as a whole seek to undermine the legality of his criminal convictions and the

consequence flowing therefrom.  As such, they are barred by the doctrine of *Heck v. Humphrey*,

512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994).  In *Heck,* the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or
> for other harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into question
> by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*  The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has

overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable

under [section] 1983."  *Id.* at 487.

Plaintiff's own allegations, and the dismissal of his consolidated federal habeas petition

on limitation grounds, *see* No. 3:06cv613-P, *supra,* confirm that Plaintiff cannot satisfy the

favorable termination requirement set out in *Heck*.  Therefore, Plaintiff is precluded from

maintaining a civil cause of action at the present time directly or indirectly challenging his

sexual assault convictions for which he is presently incarcerated.  *Heck*, 512 U.S. at 488-89;

*accord Randell*, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for

unconstitutional imprisonment and he has not satisfied the favorable termination requirement of

*Heck*, he is barred from any recovery . . . .").

Lastly, Plaintiff seeks to compel state officials to produce biological evidence for DNA

testing.  This claim is also barred *Heck.  See Kutzner v. Montgomery County*, 303 F.3d 339, 340-

341 (5th Cir. 2002) *(*agreeing with the analysis of the Fourth Circuit in *Harvey v. Horan,* 278

F.3d 370, 374-78 (4th Cir. 2002), *pet. for reh'g and reh'g en banc denied,* 285 F.3d 298,

(holding, under *Heck,* that no § 1983 claim exists for injunctive relief to compel DNA testing

under materially indistinguishable circumstances).

In *Kutzner,* the Fifth Circuit specifically held that a claim to compel the state to produce

biological evidence for DNA testing was cognizable only in a habeas corpus action.  *Id.* 303 F.3d

at 340-41.  In so holding the Fifth Circuit noted as follows:

> Since *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has
> consistently held that habeas corpus is the exclusive means for prisoners to attack
> the fact or duration of their confinement.  *Harvey* . . . analyzed a claim for DNA
> testing much like this one and drew the obvious conclusion that the proposed
> remedy is sought 'to set the stage for a future attack on [the prisoner's]
> confinement" --effectively transforming the claim into a petition for a writ of
> habeas corpus.  *Harvey*, 278 F.3d at 378.  Not only is *Harvey* strongly persuasive,
> but this Court, too, has recently reiterated that claims seeking to attack the fact or
> duration of confinement, as well as claims, which are 'so intertwined' with
> attacks on confinement that their success would 'necessarily imply' revocation or
> modification of confinement, must be brought as habeas corpus petitions and not
> under § 1983.  *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423
> (5th Cir. 2002).  Under *Martinez*, a prisoner's request for DNA testing of
> evidence relevant to his prior conviction is 'so intertwined' with the merits of the
> conviction as to require habeas corpus treatment.

*Kutzner*, 303 F.3d at 341.

Therefore,  Plaintiff's claim seeking to compel state officials to produce biological evidence for DNA testing should be dismissed with prejudice as frivolous until the *Heck* conditions are met.[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's consolidated action be DISMISSED with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

It is further recommended that, Plaintiff's motions requesting service of process, and joinder and consolidation with No. 3:06cv0062-L (Docs. # 19 and #20)  be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 27th day of April, 2007.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]     The Ninth and Eleventh Circuits disagree with *Kutzner* and *Harvey*.  *See Osborne v. District Attorney's Office*, 423 F.3d 1050, 1054-55 (9th Cir. 2005) (holding that *Heck* does not preclude § 1983 action seeking to compel state to release biological evidence for DNA testing because prisoner's success in action would only yield access to evidence, results of DNA testing may have no effect on validity of confinement, and even if finding did exonerate prisoner, a separate action, alleging a separate constitutional violation, would be required to overturn his conviction); *Bradley v. Pryor*, 305 F.3d 1287, 1289-92 (11th Cir. 2002) (§ 1983 action seeking to compel government to produce evidence for DNA testing was not functional equivalent of habeas corpus petition).  This Court, nevertheless, is bound by Fifth Circuit case law.

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.